**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| MERCANTILE-SAFE DEPOSIT AND TRUST COMPANY | : : : : | |
| v. | : | Civil No. CCB-05-2217 |
| CHICAGO TITLE INSURANCE COMPANY | : : : : | |

## MEMORANDUM

Now pending before this Court is a motion for leave to file an amended complaint, submitted by the plaintiff, Mercantile-Safe Deposit and Trust Company ("Mercantile"). Defendant Chicago Title and Insurance Company ("Chicago Title") has filed an opposition to this motion.[1] Chicago Title, in turn, has filed a motion to amend its answer to Mercantile's complaint. Mercantile does not oppose this motion.[2] For the reasons that follow, the motion for leave to file an amended complaint and the motion to file an amended answer will be granted.

## BACKGROUND

This suit concerns the alleged breach of two insurance policies. The policies at issue insured Mercantile's title under two indemnity deeds of trust ("IDOTs") on real property executed by Edward Kila as Trustee under an unrecorded trust agreement. The IDOTs secured unconditional guarantees executed by Edward Kila.

---

[1] Mercantile did not submit a reply.

[2] The parties recently completed briefing cross motions for summary judgment. In addition, on June 22, 2006, the defendant has filed a motion to compel discovery (docket entry no. 37), and on August 22, 2006, the plaintiff has filed a motion to compel the production of certain documents (docket entry no. 47).

In *Finn v. Mercantile Safe Deposit and Trust Company,* the Circuit Court of Queen Anne's County, Maryland, held that the IDOTs were invalid because of self-dealing by the Trustee. To be more precise, the Trustee executed the IDOTs to secure guarantees of loans that Mercantile previously had made to a corporation and a limited liability company in which the Trustee had an interest. The Trust itself received no benefit from the IDOTs, nor did the Trust grant the Trustee the authority to appoint property, by will, to his creditors. Accordingly, the Court found that the Trustee had exceeded his authority when he executed the IDOTs. The Maryland Court of Special Appeals affirmed that decision in an unpublished opinion, and the Maryland Court of Appeals denied Mercantile's writ of certiorari. As a result of *Finn v. Mercantile*, Mercantile was unable to foreclose upon the IDOTs when the Trustee's businesses defaulted on the loans made by Mercantile.

Chicago Title issued title insurance policies covering Mercantile's title to the real property under the IDOTs. Pursuant to a notice of claim from Mercantile, Chicago Title hired and paid attorney Thomas McDonough to represent Mercantile upon being notified that Mercantile's right to foreclose on the property secured by the two IDOTs was being disputed. In *Finn v. Mercantile,* McDonough unsuccessfully argued that the IDOTs were valid. Subsequent to the litigation, however, Chicago Title asserted that several provisions of the title insurance policies excluded Mercantile's claim for coverage. According to Chicago Title, the Maryland courts' ruling that the IDOTs were invalid voided Chicago Title's obligation to indemnify Mercantile. Hence, Chicago Title has refused to reimburse Mercantile for its losses under the title insurance policies. Mercantile, in turn, brought this action against Chicago Title for breach of contract and declaratory relief.

**ANALYSIS**

Although the decision whether to grant leave rests within the sound discretion of the district court, leave to amend under Fed.R.Civ.P. 15(a) "shall be freely given when justice so requires." *Medigen of Kentucky, Inc. v. Public Service Comm'n of West Virginia*, 985 F.2d 164, 167 (4th Cir. 1993).  Thus, motions to amend are generally granted "in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.,* 389 F.3d 444, 447 (4th Cir. 2004).  If an amendment will cause undue prejudice to the opposing party or is futile, however, the motion to amend will not be granted. *See Ward Electronics Service, Inc. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir. 1987) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Mercantile's original complaint sought to recover $1,500,000 under a title insurance policy for an IDOT that Edward Kila, Trustee, executed in March 1999 and another $1,750,000 under a title insurance policy for a second IDOT that Edward Kila, Trustee, executed in September 1999.  Mercantile's amended complaint seeks to introduce new issues related to conduct of the legal counsel Chicago Title furnished to defend Mercantile in the litigation over the IDOTs in the Maryland courts.  More specifically, Mercantile alleges that McDonough's representation of Mercantile suffered from an impermissible conflict of interest.  According to Mercantile, if Chicago Title intended to assert a defense that the invalidation of the IDOTs voided Chicago Title's indemnity obligation to Mercantile, McDonough could not continue to represent Mercantile's interests in the Maryland litigation, because he also owed a duty to Chicago Title as its approved counsel.  In other words, a conflict of interest existed because one

client, Mercantile, was interested in having Chicago Title pay as much of the defense costs as possible and the other, Chicago Title, was interested in paying as little as possible. Mercantile asserts that because of this conflict, Chicago Title breached the terms of the title insurance policies, has waived any defense to coverage that might otherwise exist, or should be estopped from denying coverage under the terms of the policies. Mercantile also seeks reimbursement of its attorneys' fees.

Chicago Title opposes Mercantile's motion to amend the complaint because it "does nothing to remedy any deficiency in the original Complaint or add any claim for which relief may be granted." Def. Opp. 4. In essence, Chicago Title argues that Mercantile's arguments about McDonough's alleged conflict of interest are futile and, therefore, Mercantile's motion to amend its complaint should be denied. According to Chicago Title, there was no conflict of interest, because Chicago Title and Mercantile had the same objective in the Maryland court proceedings: to prevail so Mercantile could foreclose on the IDOTs and Chicago Title would avoid potential liability under its policies. Chicago Title also asserts that Mercantile has failed to demonstrate any injury, because it cannot show that the Maryland litigation would have turned out differently if Mercantile was represented by different counsel. Moreover, Chicago Title argues that there is no authority holding that McDonough's alleged malpractice should be imputed to Chicago Title; in fact, according to Chicago Title, the title insurance policies preclude such a claim. Finally, Chicago Title argues that it should not be required to reimburse Mercantile for its attorneys fees because pursuant to the title insurance policies, it only was required to provide a defense in the Maryland litigation, but not pay for Mercantile's legal fees in recovery actions against its borrowers.

"Leave to amend ... should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986).  That is not the case here.  It is not obvious on the face of the proposed amended complaint that McDonough's representation of Mercantile did not suffer from a conflict of interest.  Indeed, "[t]he complexity of the arguments advanced by counsel on both sides indicates that the issue ... is not obviously frivolous." *Id.* at 511.  In this circumstance, it is better to allow the amendment and consider it in the context of an adversary proceeding.

Chicago Title also seems to assert that allowing Mercantile to amend its complaint would cause undue prejudice, because doing so would require Chicago Title to incur unnecessary expense and delay the ultimate resolution of this case. The parties, however, already have deposed McDonough.  They also have addressed in their summary judgment briefs the standard of care that McDonough was required to meet and whether his performance measured up to that standard. *See, e.g.,* Pl. Mot. Summ. J. 16-18; Def. Resp. 30-34.  Thus, because the parties have already addressed McDonough's alleged conflict of interest, Chicago Title's concerns about prejudice are moot.  I therefore will grant Mercantile's motion to file an amended complaint.  In addition, I will grant Chicago Title's motion to amend its answer as this motion is unopposed.

A separate Order follows.

 August 30, 2006                          /s                    
Date                                    Catherine C. Blake
                                        United States District Judge

5